IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

        Plaintiff,                           Case No. 6:15-cr-00266-MC

        v.

                                         OPINION AND ORDER

**MITCHELL WINSTANLEY,**

        Defendant.

_____

**MCSHANE, Judge**:

    Defendant Mitchell Winstanley moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 60. Because the Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court DENIES the motion to reduce his sentence.

## LEGAL STANDARD

    Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## ARGUMENT

Defendant argues the increased risk of serious illness or death from COVID-19 resulting from his chronic asthma, along with his significant mental health issues, present extraordinary and compelling reasons justifying compassionate release. Suppl. Def.'s Mot. 10, ECF No. 69. The Court disagrees.

Defendant is 34 years old and serving a 66-month sentence of which 34 months remain. Gov.'s Resp. to Def.'s Mot. 1-2, ECF No. 66. Defendant is incarcerated at SeaTac, a facility where, as of March 9, 2021, there was only one active inmate with a positive COVID-19 test. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. In a similar case, the Court held a defendant with asthma, serving time in a facility with little to no COVID-19 cases, and 30 months left on his sentence did not qualify for compassionate release. *United States v. Haft*, No. 3:12-CR-42-SI, 2020 WL 3412195, at *4 (D. Or. June 22, 2020). While Defendant does have underlying health conditions,

the low number of positive COVID-19 cases at his facility, coupled with active vaccination distribution within the BOP, reduces the risk of serious illness or death from COVID-19. *Id.* The Court also agrees with the Government's concerns that Defendant still has over half of his sentence remaining, a sentence that was above the mandatory minimum because he did not take responsibility for his actions in the face of overwhelming evidence and due to his criminal history, which includes burglary and harassment. Gov.'s Resp. to Def.'s Mot. 4.

As Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court does not determine whether Defendant poses a danger to the community.

## CONCLUSION

Defendant's Motion to Reduce Sentence, ECF No. 60, is DENIED.

IT IS SO ORDERED.

DATED this   29th day of March, 2021.

 /s Michael McShane
Michael J. McShane
United States District Judge